UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:23-cv-00823-FWS-DFM | Date: May 11, 2023 |
| Title: Alfonso Villalobos v. Knight Auto and Towing Services LLC | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER DISMISSING PLAINTIFF'S COMPLAINT [1]**

On May 9, 2023, Plaintiff Alfonso Villalobos ("Plaintiff") filed a Complaint against Defendant Knight Auto and Towing Services LLC ("Defendant"). (Dkt. 1.) Plaintiff alleges the City of Anaheim issued parking tickets for Plaintiff's Recreational Vehicle ("RV") in April 2023 and May 2023 and then impounded the RV. (Dkt. 1 at 4-5.) Plaintiff alleges Defendant is a company with a principal place of business in California and was responsible for towing the RV. (*Id.* at 4.) Plaintiff requests that the court enjoin Defendant from transferring or selling Plaintiff's RV. (*Id.* at 5.) After conducting an independent review, the court sua sponte **DISMISSES** Plaintiff's Complaint for lack of subject matter jurisdiction.[1]

I. Discussion

   a. The Court Lacks Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citation and internal quotation marks omitted). "Accordingly, 'the district courts may not exercise jurisdiction

---

[1] Having found it lacks subject matter jurisdiction over this action, the court declines to rule on Plaintiff's Request to Proceed In Forma Pauperis (Dkt. 2) and Application for Pro Se Litigant to Electronically File Documents (Dkt. 3) at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00823-FWS-DFM                                           Date: May 11, 2023
Title: Alfonso Villalobos v. Knight Auto and Towing Services LLC

absent a statutory basis.'" *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (quoting *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005)). This threshold requirement "'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Because subject matter jurisdiction is a threshold inquiry, a pleading must contain "a short and plain statement" setting forth the basis of the court's jurisdiction. *See Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012) (citing Fed. R. Civ. P. 8(a)). The party asserting federal jurisdiction bears the burden of establishing it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). "Federal question jurisdiction extends only in those cases in which a well-pleaded complaint establishes 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law.'" *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983)). However, "the mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists." *Id.*

Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For purposes of determining diversity of citizenship, a natural person's state citizenship is determined by their state of domicile. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). An

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00823-FWS-DFM                                                   Date: May 11, 2023
Title: Alfonso Villalobos v. Knight Auto and Towing Services LLC

individual's domicile is their "permanent home," where they reside "with the intention to remain" or to which they "intend[] to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citation omitted). "[A]n individual person is deemed to be a citizen of the state in which he or she is domiciled," *Agullard v. Principal Life Ins. Co.*, 685 F. Supp. 2d 947, 951 (D. Ariz. 2010), or where the person "established a 'fixed habitation or abode in a particular place and [intends] to remain there permanently or indefinitely.'" *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986) (quoting *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940)). "In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Id.* (citing 28 U.S.C. § 1332(c)(1)).

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh*, 546 U.S. at 514. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Arbaugh*, 546 U.S. at 514 ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."). "While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits . . . it is not so when the dismissal is for lack of subject matter jurisdiction." *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction.").

On its face, the Complaint's allegations do not sufficiently establish a basis for the court to exercise subject matter jurisdiction in this case. The Complaint alleges the City of Anaheim issued parking tickets for Plaintiff's RV and Defendant subsequently towed and impounded the RV. (Dkt. 1 at 4.) [2]

---

[2] The Complaint also includes allegations suggesting that Plaintiff was the subject of an experimental study or procedure in 1976. (*See* Dkt. 1 at 4) ("In 1976 state of California, Plastic

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00823-FWS-DFM                                    Date: May 11, 2023
Title: Alfonso Villalobos v. Knight Auto and Towing Services LLC

     Although Plaintiff indicates the basis for the court's jurisdiction is the existence of a federal question, the court finds no cognizable federal claim in the Complaint. (*See generally* Dkt. 1.) The Complaint lists 41 U.S.C. § 506 as the statute that creates a federal question in this case. (Dkt. 1 at 3.) The court observes that 41 U.S.C. § 506 is a repealed statute that relates to public contracts and has no apparent connection to the facts of the Complaint. *See* 41 U.S.C. § 506; *Gunn*, 568 U.S. at 257 ("[A] case arises under federal law when federal law creates the cause of action asserted" or if it is part of a "'special and small category' of cases" in which "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress"); *Kokkonen*, 511 U.S. at 377 ("It is to be presumed that a cause lies outside [federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted).

     Nor does the Complaint sufficiently establish a basis for the court to exercise diversity jurisdiction over this action. The Complaint alleges Plaintiff is a resident of Chino, California and Defendant is a California corporation with a principal place of business in Orange County, California. (Dkt. 1 at 1-4.) Accordingly, the court finds complete diversity is lacking. *See, e.g., Caterpillar Inc.*, 519 U.S. at 68 ("Diversity jurisdiction 'applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant.'"). The Complaint also fails to sufficiently allege an amount in controversy. (*See generally* Dkt. 1.) *See also Matheson*, 319 F.3d at 1090 ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000.").

     Accordingly, the court finds the Complaint's allegations insufficient to establish federal question jurisdiction or diversity jurisdiction, and the court concludes that it lacks subject matter jurisdiction over this matter.

---

Surgery, Neurological Plasticity and Prosthesis Implementation procedure and immediately following, forced labor without just compensation, and subject of experimental nature and studies also without just compensation since 1976."). The court finds this allegation similarly does not establish a basis for the court's subject matter jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-00823-FWS-DFM　　　　　　　　　　　　　Date: May 11, 2023
Title: Alfonso Villalobos v. Knight Auto and Towing Services LLC

## II.　Conclusion

For the reasons set forth above, the court **DISMISSES WITHOUT PREJUDICE** the Complaint.

　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk:  mku